UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GEORGE EDWARD FITZGERALD, II,

    Plaintiff,

v.

DEFENDANT "1" a/k/a "LISA" and JOHN DOE Defendants who are the owners of Binance cryptocurrency deposit wallets 1PVZh5tpg1S4wSmbat8wjk9GZHsTuKcTJA and 0xab060ac3b57273f171db4e99ac2d785126347a8e

    Defendants.

**COMPLAINT FOR**
**CONVERSION OF STOLEN CRYPTOCURRENCIES**

Plaintiff, GEORGE EDWARD FITZGERALD, II, by and through undersigned counsel, sues DEFENDANT "1" a/k/a "LISA" and JOHN DOE Defendants who are the owners of Binance cryptocurrency deposit wallets 1PVZh5tpg1S4wSmbat8wjk9GZHsTuKcTJA and 0xab060ac3b57273f171db4e99ac2d785126347a8e and alleges as follows:

**PRELIMINARY STATEMENT**

1.    Defendants stole 3.54877 BTC (Bitcoin) and $49,340.45 USDC (USD Coin) from Plaintiff which today is valued at $266,867.94.[1] pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme.

---

[1] The approximate value of the stolen cryptocurrency at time of theft was $180,000.

1

2. Defendant "1" played a material role in the theft of Plaintiff's assets, and upon information and belief, currently possesses all or a significant portion of Plaintiff's stolen property.

3. Plaintiff brings this lawsuit to recover their stolen assets.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This is an action for damages related to the theft of Plaintiff's cryptocurrency assets as detailed below. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

5. Venue is proper in this District pursuant to 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c).

## THE PARTIES AND PERSONAL JURISDICTION

6. Plaintiff, GEORGE EDWARD FITZGERALD, II, an individual, is *sui juris*, and is a resident and citizen of Florida.

7. Defendant "1" is an individual, is *sui juris*, and is subject to the personal jurisdiction of this Court. Defendant "1" represented to Plaintiff George Edward Fitzgerald, II that her name was "Lisa." Defendant represented to Plaintiff that she was currently living in Boston, but originally from Taiwan. The parties' communications demonstrated Defendant "1" was of Taiwanese descent who is likely located outside of the United States in Southeast Asia, specifically, Taiwan.

8. JOHN DOE Defendants who are the owners of Binance cryptocurrency deposit wallets 1PVZh5tpg1S4wSmbat8wjk9GZHsTuKcTJA and 0xab060ac3b57273f171db4e99ac2d785126347a8e, cohorts of Defendant "1," are *sui juris*, and are subject to the personal jurisdiction of this Court.

2

9. At all times material hereto, Defendants have maintained and continue to maintain private cryptocurrency wallets and cryptocurrency exchange accounts in which all of or a portion of Plaintiff's stolen cryptocurrency currently sits.

10. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through at least a fraudulent website "ETX" which can be accessed on the internet and on smartphones and are accessible from Florida.

11. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## ALLEGATIONS COMMON TO ALL COUNTS

### A. Defendants Execute an International Cryptocurrency Theft Scheme

12. Plaintiff desired to invest money in cryptocurrency.

13. Plaintiff is a victim of a Pig butchering scam.

14. Pig butchering scams are "fraudulent crypto investment schemes directed from Asia," which are now a billion-dollar industry.[2]

15. Pig butchering scams, typically ran and perpetrated by organized criminal groups in Southeast Asia, are called such because the victims are "likened to hogs fattened up for slaughter."[3]

16. Scammers, typically located in Southeast Asia, carefully research their victims and spend months grooming the victim to gain their trust.

---

[2] https://www.reuters.com/investigates/special-report/fintech-crypto-fraud-thailand/
[3] https://www.nbcnews.com/news/crime-courts/pig-butchering-scams-rise-fbi-moves-stop-bleeding-rcna137009

17. Pig butchering scammers utilize expertly crafted copycat websites that replicate authentic trading platforms. These scammers simulate trades and returns and the victims are unaware of the scheme.[4]

18. Plaintiff began searching online and on social media to learn how he could invest in cryptocurrency.

19. On or about September 16, 2022, Plaintiff met Defendant "1" a/k/a "Lisa" who communicated with Plaintiff via LinkedIn. Defendant "1" communicated in some messages to Plaintiff in Mandarin Chinese.

20. Defendant "1" misrepresented that she would teach Plaintiff how to become a successful cryptocurrency trader.

21. Defendant "1" lured Plaintiff by showing Plaintiff examples over WhatsApp and Telegram how she was successfully earning high returns on her cryptocurrency trading methods.

22. Defendant "1" represented to Plaintiff that she was using a trusted cryptocurrency trading exchange called ETX that, according to Defendant "1", was a legitimate cryptocurrency trading website.

23. According to Defendant "1", ETX was a legitimate cryptocurrency exchange that promised profits to investors on short-term trading and mining.

24. Defendant "1" assisted Plaintiff in accessing and registering for an account at ETX which Defendant claimed was a legitimate trading exchange website. However, the website she provided to Plaintiff was not a legitimate exchange. It was instead a fraudulent website created to deceive individuals, including Plaintiff, into believing they were investing funds with a legitimate cryptocurrency exchange.

---

[4] https://www.reuters.com/investigates/special-report/fintech-crypto-fraud-thailand/

25. Unbeknownst to Plaintiff, ETX was not a legitimate cryptocurrency exchange but was rather a simulated exchange – expertly engineered and designed to trick and deceive unsuspecting users into transferring their cryptocurrency assets into the fraudulent platform.

26. The ETX site mimics real time market movements. Users, including and specifically Plaintiff, can see real time market data and place trades; they believe they are trading in an authentic exchange platform, but are in fact, placing simulated trades while the scammer Defendants convert the funds for their own use and transfer the funds to genuine exchanges for Defendants own use.

27. To further entice Plaintiff into believing she was a legitimate investor who only wanted to assist Plaintiff in becoming a successful cryptocurrency trader like her, on or about October 7, 2022, Defendant "1" had Plaintiff run a test where he transferred approximately $466.00 worth of cryptocurrency from his Crypto.com account into the fraudulent ETX exchange. When Plaintiff was able to transfer the cryptocurrency from the fraudulent exchange back to his Crypto.com account, he believed that Defendant "1" was a legitimate investor who wanted to help him learn how to invest cryptocurrency and, further, that the fraudulent website he had accessed was also legitimate.

28. After familiarizing himself with the process of trading on the fraudulent website recommended by Defendant "1," and in reliance on the foregoing false and fraudulent misrepresentations, Plaintiff started to transfer cryptocurrency from his Crypto.com and CashApp accounts, legitimate third-party online platforms for buying, selling, transferring, and storing cryptocurrency, to the fraudulent platform.

29. Defendants posted fraudulent returns on their fake mobile application which made it appear that Plaintiff was making money on his trades. As a result, he continued to transfer

cryptocurrency from his Crypto.com and CashApp accounts to the fraudulent exchange.

30. When Plaintiff attempted to transfer even a small portion of his cryptocurrency from the fraudulent application back to his Crypto.com and CashApp accounts, Plaintiff experienced issues and was unable to make transfers.

31. When Plaintiff questioned Defendant "1" about the transfer issues he was experiencing, Defendant "1" provided excuses and made additional false representations.

32. Plaintiff was eventually convinced not to withdraw his cryptocurrency but to instead, invest more of it in the fraudulent ETX platform.

33. Because of the fraudulent representations contained on the fake ETX account and misrepresentations made by Defendant "1", Plaintiff George Edward Fitzgerald, II believed that he had made significant money from the investment.

34. By the end of June 2023, Plaintiff believed he had made a considerable amount of money. In fact, Plaintiff was told by Defendant "1" that the value of his cryptocurrency had grown from approximately one hundred and eighty thousand dollars ($180,000.00) to approximately three hundred and eleven thousand six hundred and ten dollars ($311,610.00), which was also reflected on the fraudulent ETX website.

35. Plaintiff was happy with what he believed was a significant return on Plaintiff's investment. However, Plaintiff decided it was time to transfer all the cryptocurrency from ETX back to Plaintiff's own Crypto.com and CashApp accounts.

36. However, Plaintiff was told that before Plaintiff could withdraw Plaintiff's cryptocurrency, Plaintiff was required to wire money to the fraudulent ETX exchange to pay additional fees and taxes related to his earnings.

37. Relying on these false statements, Plaintiff initiated the wire transfer process to

send $37,000.00 worth of USD from his bank account to purported ETX bank accounts in an effort to release the funds he believed to be held on the ETX exchange.

38. The beneficiary named for the wire was Eu Zethar LTD., a company registered in the U.K. whose only listed officer is Huadi Jiang.

39. The ETXcapital.net registrar is Gname.com Pte. Ltd., a company registered in Singapore.

40. Plaintiff was advised by his bank that the account he was attempting to wire funds to was in fact fraudulent.

41. Plaintiff made numerous unsuccessful attempts to transfer the cryptocurrency from the fake ETX account back to his Crypto.com and CashApp accounts.

42. Plaintiff contacted the ETX purported customer service demanding an explanation but never received a response.

B. **Plaintiff's Forensic Tracking of Their Stolen Cryptocurrency**

43. When a transaction is made on the blockchain, it is assigned a "transaction hash" ("TXID"). A transaction hash is a unique string of characters that is given to every transaction that is verified and added to the blockchain. A TXID is used to uniquely identify a particular transaction. All on-chain transactions (the transactions from or to external addresses) have a unique TXID that can be seen in transaction details. All on-chain transactions (depositing and withdrawing of funds) have a unique TXID that can be found in transaction details.

44. Within the time frame of October 2022 and May 2023, Plaintiff made twenty-four (24) transactions from his Crypto.com and CashApp accounts to the fraudulent ETX exchange. In total, Plaintiff transferred approximately $180,000.00 to the fraudulent exchange.

45. Plaintiff has retained forensic cryptocurrency tracing experts who have traced Plaintiff's stolen assets on the blockchain. Attached hereto as Exhibit "1" is the tracing report

completed by experts at CNC Intelligence, Inc. Plaintiff incorporates Exhibit "1" into his verified complaint.

46. CNC Intelligence, Inc. traced Plaintiff's cryptocurrency on the blockchain and found that Defendants virtually absconded with Plaintiff's cryptocurrency and converted it for their own use. CNC Intelligence, Inc. found that Plaintiff's cryptocurrency was moved to Binance wallets possessed and controlled by Defendants.

## COUNT 1
## CONVERSION

47. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 46 above, as if fully and expressly set forth herein, and further alleges as follows.

48. As more fully alleged above, Defendants misappropriated Plaintiff's cryptocurrency funds.

49. Defendants have converted Plaintiff's funds to their own use or to the use of others not entitled thereto and have exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

50. Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion.

**WHEREFORE**, Plaintiff George Edward Fitzgerald, II demands that judgment be entered against Defendant "1" and JOHN DOE Defendants, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

51. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 50 above, as if fully and expressly set forth herein, and further alleges as follows.

52. Plaintiff conferred a direct benefit upon Defendants by transferring the valuable cryptocurrency that Defendants converted from Plaintiff.

53. Defendants have knowledge of the benefit Plaintiff conferred upon them and have retained such benefit.

54. The circumstances under which Plaintiff conferred, and Defendants accepted, such benefit render Defendants' retention of the benefits inequitable.

55. Equity required that Defendants return to Plaintiff the benefits he conferred upon Defendants.

**WHEREFORE**, Plaintiff George Edward Fitzgerald, II demands that judgment be entered against Defendant "1" and JOHN DOE Defendants, jointly and severally, for damages, interest, costs, and such other further relief as this Court deems just and proper.

## COUNT III
## IMPOSITION OF CONSTRUCTIVE TRUST AND DISGORGEMENT OF FUNDS

56. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 55 above, as if fully and expressly set forth herein, and further alleges as follows.

57. This is an action to impose a constructive trust upon the property taken from Plaintiff that is currently held by Defendants.

58. This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

59. As set forth above, Defendants—through actual fraud, misappropriation, conversion, theft, or other questionable means—obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendants should not be permitted to hold.

9

60. As set forth in Exhibit "1", the cryptocurrency assets at issue are specific identifiable property and have been traced to Binance.

61. Any and all assets being held by Defendants at Binance must be held in trust for Plaintiff's benefit, and Defendants are not entitled to the benefit of wrongfully misappropriated, converted and stolen cryptocurrency assets that were taken from Plaintiff.

62. The digital assets identified herein which are being held by Defendants at Binance must be disgorged to Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen cryptocurrency assets that were taken from Plaintiff.

**WHEREFORE**, Plaintiff George Edward Fitzgerald, II demands the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently under the control of Defendant "1" and/or JOHN DOE Defendants, in the identified cryptocurrency wallet addresses held at Binance and further demands that the wrongfully obtained property be returned to Plaintiff.

## COUNT IV
## CONSPIRACY

63. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 62 above as if fully and expressly set forth herein and further alleges as follows.

64. The Defendants conspired and confederated with each other to commit, and committed, Conversion (Count I); and Unjust Enrichment (Count II). Plaintiff has suffered damages as a direct and proximate result of Defendants' conspiracy.

**WHEREFORE**, Plaintiff George Edward Fitzgerald, II demands that judgment be entered against Defendant "1" and JOHN DOE Defendants, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

**VERIFICATION**

I, GEORGE EDWARD FITZGERALD, II, hereby declare under penalty of perjury that I have read the foregoing COMPLAINT FOR CONVERSION OF STOLEN CRYPTOCURRENCY and verify that all statements herein are true and correct to the best of my knowledge, understanding, and belief.

Dated: May 17, 2024

*George Edward Fitzgerald II*
GEORGE EDWARD FITZGERALD, II, Plaintiff

Dated: May 17, 2024                        Respectfully Submitted,

/s/ Daniel J. Thornburgh
Daniel J. Thornburgh, Esq.
Fla. Bar No. 0042661
AYLSTOCK, WITKIN,
KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Fax: 850-916-7449
dthornburgh@awkolaw.com

*Attorney for Plaintiff*