UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-21925-CV-WILLIAMS

GEORGE FITZGERALD II,

    Plaintiff,

v.

DEFENDANT 1, *et al.*,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Chief Magistrate Judge Jonathan Goodman's Report and Recommendations on Plaintiff's Motion for Default Final Judgment (DE 41) ("**Report**"). In the Report, Chief Judge Goodman recommends that Plaintiff's Motion for Final Default Judgment (DE 39) ("**Motion**") be denied without prejudice and that Plaintiff be given leave to amend his Complaint. (DE 41 at 1–2.) Specifically, the Report finds that Plaintiff's Complaint (DE 1) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." (DE 41 at 6) (quoting *Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (describing the four different types of shotgun pleadings)). Additionally, Chief Judge Goodman determines the Complaint "contains 'multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.'" (*Id.*) (quoting *Weiland*, 792 F.3d at 1321). Finally, though not forming the basis for the recommendation to deny the Motion, the Report warns Plaintiff

to include more details as to each of the Defendants, if possible, in order to make collecting on any default judgment more practical. (*Id.* at 9.)

Plaintiff filed Objections to the Report and Recommendation (DE 42) ("***Objections***"). In the Objections, Plaintiff contests the Report's finding that Plaintiff did not properly specify which Defendants are responsible for which conduct. (DE 42 at 4.) However, rather than point out a specific basis for this objection, Plaintiff provides only the conclusory statement, "Plaintiff clearly and concisely articulated the nature of the pig butchering scam wherein Defendants collectively acted together to defraud Plaintiff." (DE 42 at 4.) *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (requiring that an objection provide "the specific basis for objection" to warrant de novo review).

Despite these shortcomings, the Court conducted a *de novo* review of this portion of the Report. Plaintiff did not object to the Report's conclusion that each successive count in the Complaint improperly adopts the allegations of all preceding counts. Therefore, the Court reviewed this conclusion for clear error.

The Court also notes Plaintiff's reference to the Court's prior entry of a preliminary injunction. (DE 42 at 4.) At the Preliminary Injunction Hearing (DE 29), the Court specified that at the default judgment stage, Plaintiff should include an affidavit from the investigative agency which traced the blockchain transactions, detailing what steps it took and what the value of the cryptocurrency would be now. Plaintiff did not include this affidavit with his Motion.

The Court is cognizant that the nature of Defendants' alleged scheme limits the detail with which Plaintiff can allege each of Defendant's actions in furtherance of the scheme. *See Harris v. Upwintrade.com*, No. 24-CV-000313, 2024 WL 4920599, at *5

(E.D. Tex. Sept. 5, 2024) (discussing the scale and sophistication of current crypto pig-butchering scams). However, this does not impact Plaintiff's ability to properly delineate which allegations support each count in his complaint.

Upon careful review of the Report, the Objections, the Motion, the record, and applicable law, it is **ORDERED AND ADJUDGED** as follows:

1. The Report (DE 41) is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion for Final Default Judgment (DE 39) is **DENIED WITHOUT PREJUDICE**.

3. Plaintiff may file an amended complaint on or before **March 5, 2025** to cure the defects identified in the Report.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 19th day of February, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE