**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 24-21925-CIV-WILLIAMS/GOODMAN**

GEORGE EDWARD FITZGERALD, II,

    Plaintiff,

v.

TEH YONG HING, who is the owner of Binance cryptocurrency deposit wallets 1PVZh5tpg1S4wSmbat8wjk9GZHsTuKcTJA and 0xab060ac3b57273f171db4e99ac2d785126347a8e

    Defendant.

**PLAINTIFF'S CORRECTED FIRST AMENDED COMPLAINT FOR CONVERSION OF STOLEN CRYPTOCURRENCIES**

Plaintiff, GEORGE EDWARD FITZGERALD, II, by and through undersigned counsel, sues DEFENDANT TEH YONG HING who is the owner of Binance cryptocurrency deposit wallets 1PVZh5tpg1S4wSmbat8wjk9GZHsTuKcTJA and 0xab060ac3b57273f171db4e99ac2d785126347a8e and alleges as follows:

**PRELIMINARY STATEMENT**

1.    Defendant TEH YONG HING ("DEFENDANT") stole 3.54877 BTC (Bitcoin) and 49,340.45 USDC (USD Coin) from Plaintiff which today is valued at $266,867.94.[1] pursuant to a

---

[1] The approximate value of the stolen cryptocurrency at time of theft was $180,000.

sophisticated global internet cryptocurrency fraud and conversion scheme.

2. Defendant played a material role in the theft of Plaintiff's assets, and upon information and belief, currently possesses a portion of Plaintiff's stolen property.

3. Plaintiff brings this lawsuit to recover their stolen assets.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This is an action for damages related to the theft of Plaintiff's cryptocurrency assets as detailed below. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

5. Venue is proper in this District pursuant to 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c).

## THE PARTIES AND PERSONAL JURISDICTION

6. Plaintiff, GEORGE EDWARD FITZGERALD, II, an individual, is *sui juris*, and is a resident and citizen of Florida.

7. Defendant is an individual, is *sui juris*, and is subject to the personal jurisdiction of this Court. Defendant represented to Plaintiff George Edward Fitzgerald, II that he was a female named "Lisa." Defendant represented to Plaintiff that he was currently living in Boston, but originally from Taiwan. However, Defendant is likely a Malaysian citizen located in Malaysia.

8. Defendant is the owner of Binance cryptocurrency deposit wallets 1PVZh5tpg1S4wSmbat8wjk9GZHsTuKcTJA and 0xab060ac3b57273f171db4e99ac2d785126347a8e, is *sui juris*, and is subject to the personal jurisdiction of this Court.

9. At all times material hereto, Defendant has maintained, and continues to maintain, private cryptocurrency wallets and cryptocurrency exchange accounts in which a portion of

Plaintiff's stolen cryptocurrency remains.

10. Defendant is subject to personal jurisdiction in this district, because he directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district through at least a fraudulent website "ETX" which can be accessed on the internet and on smartphones and is accessible from Florida.

11. Alternatively, Defendant is subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendant is not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## ALLEGATIONS COMMON TO ALL COUNTS

### A. Defendant Executes an International Cryptocurrency Theft Scheme

12. Plaintiff desired to invest money in cryptocurrency.

13. Plaintiff is a victim of a Pig butchering scam.

14. Pig butchering scams are "fraudulent crypto investment schemes directed from Asia," which are now a billion-dollar industry.[2]

15. Pig butchering scams, typically ran and perpetrated by organized criminal groups in Southeast Asia, are called such because the victims are "likened to hogs fattened up for slaughter."[3]

16. Scammers, typically located in Southeast Asia, carefully research their victims and spend months grooming the victim to gain their trust.

17. Pig butchering scammers utilize expertly crafted copycat websites that replicate

---

[2] https://www.reuters.com/investigates/special-report/fintech-crypto-fraud-thailand/
[3] https://www.nbcnews.com/news/crime-courts/pig-butchering-scams-rise-fbi-moves-stop-bleeding-rcna137009

authentic trading platforms. These scammers simulate trades and returns and the victims are unaware of the scheme.[4]

18. Plaintiff began searching online and on social media to learn how he could invest in cryptocurrency.

19. On or about September 16, 2022, Plaintiff met Defendant TEH YONG HING a/k/a "Lisa" who communicated with Plaintiff via LinkedIn. Defendant communicated in some messages to Plaintiff in Mandarin Chinese.

20. Defendant, posing as a female named "Lisa," misrepresented that "she" would teach Plaintiff how to become a successful cryptocurrency trader.

21. Defendant lured Plaintiff by showing Plaintiff examples over WhatsApp and Telegram how "she" was successfully earning high returns on her cryptocurrency trading methods.

22. Defendant represented to Plaintiff that "she" was using a trusted cryptocurrency trading exchange called ETX that, according to Defendant, was a legitimate cryptocurrency trading website.

23. According to Defendant, ETX was a legitimate cryptocurrency exchange that promised profits to investors on short-term trading and mining.

24. Defendant assisted Plaintiff in accessing and registering for an account at ETX which Defendant claimed was a legitimate trading exchange website. However, the website she provided to Plaintiff was not a legitimate exchange. It was instead a fraudulent website created to deceive individuals, including Plaintiff, into believing he was investing funds with a legitimate cryptocurrency exchange.

25. Unbeknownst to Plaintiff, ETX was not a legitimate cryptocurrency exchange but

---

[4] https://www.reuters.com/investigates/special-report/fintech-crypto-fraud-thailand/

was rather a simulated exchange – expertly engineered and designed to trick and deceive unsuspecting users into transferring their cryptocurrency assets into the fraudulent platform.

26. The ETX site mimics real time market movements. Users, including and specifically Plaintiff, can see real time market data and place trades; they believe they are trading in an authentic exchange platform, but are in fact, placing simulated trades while the scammer Defendant converts the funds for his own use and transfer the funds to genuine exchanges for Defendant's own use.

27. To further entice Plaintiff into believing "she" was a legitimate investor who only wanted to assist Plaintiff in becoming a successful cryptocurrency trader like "her," on or about October 7, 2022, Defendant had Plaintiff run a test where he transferred approximately $466.00 worth of cryptocurrency from his Crypto.com account into the fraudulent ETX exchange. When Plaintiff was able to transfer the cryptocurrency from the fraudulent exchange back to his Crypto.com account, he believed that Defendant was a legitimate investor who wanted to help him learn how to invest cryptocurrency and, further, that the fraudulent website he had accessed was also legitimate.

28. After familiarizing himself with the process of trading on the fraudulent website recommended by Defendant, and in reliance on the foregoing false and fraudulent misrepresentations, Plaintiff started to transfer cryptocurrency from his Crypto.com and CashApp accounts, legitimate third-party online platforms for buying, selling, transferring, and storing cryptocurrency, to the fraudulent platform.

29. Defendant posted fraudulent returns on his fake mobile application which made it appear that Plaintiff was making money on his trades. As a result, Plaintiff continued to transfer cryptocurrency from his Crypto.com and CashApp accounts to the fraudulent exchange.

30. When Plaintiff attempted to transfer even a small portion of his cryptocurrency from the fraudulent application back to his Crypto.com and CashApp accounts, Plaintiff experienced issues and was unable to make transfers.

31. When Plaintiff questioned Defendant about the transfer issues he was experiencing, Defendant provided excuses and made additional false representations.

32. Plaintiff was eventually convinced not to withdraw his cryptocurrency but to, instead, invest more of it in the fraudulent ETX platform.

33. Because of the fraudulent representations contained on the fake ETX account and misrepresentations made by Defendant, Plaintiff George Edward Fitzgerald, II believed that he had made significant money from the investment.

34. By the end of June 2023, Plaintiff believed he had made a considerable amount of money. In fact, Plaintiff was told by Defendant that the value of his cryptocurrency had grown from approximately one hundred and eighty thousand dollars ($180,000.00) to approximately three hundred and eleven thousand six hundred and ten dollars ($311,610.00), which was also reflected on the fraudulent ETX website.

35. Plaintiff was happy with what he believed was a significant return on Plaintiff's investment. However, Plaintiff decided it was time to transfer all the cryptocurrency from ETX back to Plaintiff's own Crypto.com and CashApp accounts.

36. However, Plaintiff was told that before Plaintiff could withdraw Plaintiff's cryptocurrency, Plaintiff was required to wire money to the fraudulent ETX exchange to pay additional fees and taxes related to his earnings.

37. Relying on these false statements, Plaintiff initiated the wire transfer process to send $37,000.00 worth of USD from his bank account to purported ETX bank accounts in an effort

to release the funds he believed to be held on the ETX exchange.

38. The ETXcapital.net registrar is Gname.com Pte. Ltd., a company registered in Singapore.

39. Plaintiff was advised by his bank that the account he was attempting to wire funds to was in fact fraudulent.

40. Plaintiff made numerous unsuccessful attempts to transfer the cryptocurrency from the fake ETX account back to his Crypto.com and CashApp accounts.

41. Plaintiff contacted the ETX purported customer service demanding an explanation but never received a response.

### B. Plaintiff's Forensic Tracking of Their Stolen Cryptocurrency

42. When a transaction is made on the blockchain, it is assigned a "transaction hash" ("TXID"). A transaction hash is a unique string of characters that is given to every transaction that is verified and added to the blockchain. A TXID is used to uniquely identify a particular transaction. All on-chain transactions (the transactions from or to external addresses) have a unique TXID that can be seen in transaction details. All on-chain transactions (depositing and withdrawing of funds) have a unique TXID that can be found in transaction details.

43. Within the time frame of October 2022 and May 2023, Plaintiff made twenty-four (24) transactions from his Crypto.com and CashApp accounts to the fraudulent ETX exchange. In total, Plaintiff transferred cryptocurrency, which at the time of the theft was valued at $180,000.00.

44. Plaintiff has retained forensic cryptocurrency tracing experts who have traced Plaintiff's stolen assets on the blockchain. Attached hereto as Exhibit "1" is the tracing report completed by experts at CNC Intelligence, Inc. Plaintiff incorporates Exhibit "1" into his verified complaint.

45. CNC Intelligence, Inc. traced Plaintiff's cryptocurrency on the blockchain and

found that Defendants virtually absconded with Plaintiff's cryptocurrency and converted it for their own use. CNC Intelligence, Inc. found that Plaintiff's cryptocurrency was moved to Binance wallets possessed and controlled by Defendant.

### C. BINANCE ACCOUNTS

46. The Binance accounts to which Plaintiff's stolen cryptocurrency assets were transferred belong to Teh Yong Hing, who is a Malaysian citizen who lives in Selangor, Malaysia.

47. Through discovery, Plaintiff was able to obtain contact information for the Defendant including email and phone contact information.

## COUNT 1
## CONVERSION

48. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 47 above, as if fully and expressly set forth herein, and further alleges as follows.

49. Defendant misappropriated Plaintiff's cryptocurrency funds.

50. Defendant targeted Plaintiff and then groomed Plaintiff to earn his trust as part of a digital pig butchering scam.

51. Defendant instituted and carried out the elaborate digital scam with the purpose of converting Plaintiff's cryptocurrency assets.

52. Defendant used a fraudulent alias to entice Plaintiff into downloading a fraudulent cryptocurrency platform (ETX) and transfer Plaintiff's cryptocurrency assets to purported wallets on that fraudulent platform.

53. Defendant concealed his true identity from Plaintiff, as well as the fraudulent nature of the ETX exchange with the purpose of converting Plaintiff's cryptocurrency assets.

54. Plaintiff's cryptocurrency assets are specific and identifiable.

55. Defendant has converted Plaintiff's funds via unauthorized acts to his own use and

has exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

56. Plaintiff demanded the return of his cryptocurrency assets through attempted withdrawals from the fraudulent ETX in vain.

57. Plaintiff has suffered damages as a direct and proximate result of Defendant's conversion.

**WHEREFORE**, Plaintiff George Edward Fitzgerald, II demands that judgment be entered against Defendant TEH YONG HING for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

58. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 57 above, as if fully and expressly set forth herein, and further alleges as follows.

59. Plaintiff conferred a direct benefit upon Defendant TEH YONG HING by transferring the valuable cryptocurrency to DEFENDANT TEH YONG YING.

60. Defendant has knowledge of the benefit Plaintiff conferred upon him and has retained such benefit.

61. The circumstances under which Plaintiff conferred, and Defendant accepted, such benefit render Defendant's retention of the benefits inequitable.

62. Equity requires that Defendant returns to Plaintiff the benefits Plaintiff conferred upon Defendant.

**WHEREFORE**, Plaintiff George Edward Fitzgerald, II demands that judgment be entered against Defendant for damages, interest, costs, and such other further relief as this Court deems just and proper.

**COUNT III**
**IMPOSITION OF CONSTRUCTIVE TRUST AND**
**DISGORGEMENT OF FUNDS**

63. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 62 above, as if fully and expressly set forth herein, and further alleges as follows.

64. This is an action to impose a constructive trust upon the property taken from Plaintiff that is currently held by Defendant TEH YONG HING.

65. This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

66. As set forth above, Defendant—through actual fraud, misappropriation, conversion, theft, and other questionable means—obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendant should not be permitted to hold.

67. As set forth in Exhibit "1", the cryptocurrency assets at issue are specific identifiable property and have been traced to Binance.

68. Any and all assets being held by Defendants at Binance must be held in trust for Plaintiff's benefit, and Defendant is not entitled to the benefit of wrongfully misappropriated, converted and stolen cryptocurrency assets that were taken from Plaintiff.

69. The digital assets identified herein which are being held by Defendant at Binance must be disgorged to Plaintiff's benefit, as Defendant is not entitled to the benefit of or unjust enrichment of the wrongfully misappropriated, converted, and stolen cryptocurrency assets that were taken from Plaintiff.

**WHEREFORE**, Plaintiff George Edward Fitzgerald, II demands the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently under the control of Defendant in the identified cryptocurrency wallet addresses held at Binance and further demands that the wrongfully obtained property be returned to Plaintiff.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## VERIFICATION

I, GEORGE EDWARD FITZGERALD, II, hereby declare under penalty of perjury that I have read the foregoing COMPLAINT FOR CONVERSION OF STOLEN CRYPTOCURRENCIES and verify that all statements herein are true and correct to the best of my knowledge, understanding, and belief.

Dated: March 7, 2025

_____
GEORGE EDWARD FITZGERALD, II, Plaintiff

Dated: March 7, 2025

Respectfully submitted,

*/s/ Reagan Charleston Thomas*
Reagan Charleston Thomas
LA Bar No. 38522
*(admitted pro hac vice)*
AYLSTOCK, WITKIN,
KREIS & OVERHOLTZ, PLLC
Email: rthomas@awkolaw.com
17 East Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
Facsimile: (850) 916-7449

and

*/s/ Daniel J. Thornburgh*
Daniel J. Thornburgh, Esq.
Fla. Bar No. 0042661
AYLSTOCK, WITKIN,
KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
dthornburgh@awkolaw.com
Telephone: 850-202-1010
Fax: 850-916-7449

*Attorneys for Plaintiff*